### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  CR-22-314-SLP |
| ) | |
| BRIONJRE MARTAI ODELL HAMILTON, ) | |
| ) | |
| Defendant. ) | |

### **O R D E R**

Before the Court is Defendant's Unopposed Motion to Continue Jury Trial and to Extend Pretrial Deadlines [Doc. No. 20]. Defendant has also filed a Waiver of Speedy Trial [Doc. No.22]. Defendant requests a continuance of this matter from the September 13, 2022 jury trial docket to the October 11, 2022 jury trial docket. The Government does not oppose the requested relief.

The Grand Jury returned an Indictment on August 2, 2022 charging Defendant with four counts of Making a False Statement During the Attempted Purchase of a Firearm. Defendant was arraigned on August 12, 2022. This is Defendant's first request for a continuance.

In support of his Motion, Defendant states that voluminous and recently produced discovery needs to be reviewed and counsel needs additional time to complete her independent investigation and explore an alternative disposition to this case other than trial.

1

Defendant's counsel represents that she needs additional time to effectively prepare for trial and/or negotiate a plea.[1]

The Speedy Trial Act gives this Court the discretion to "accommodate limited delays for case-specific needs." *United States v. Zedner*, 547 U.S. 489, 499 (2006). The Court finds the denial of the motion under the facts of this case would unreasonably deny the defendant reasonable time necessary for effective preparation, taking into account the exercise of due diligence by counsel. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). The facts of this case justify an ends of justice determination that a continuance "outweighs the best interest of the public and the defendant in a speedy trial." *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009), *citing* 18 U.S.C. §3161(h)(7)(A). In making this determination, the Court has specifically considered the length of delay, the reason for delay, the defendant's assertion of his right, any prejudice to the defendant and other relevant circumstances. *See Toombs*, 574 F.3d at 1274. The period of delay caused by the granting of the motion to continue on this ground is excludable for purposes of the Speedy Trial Act, 18 U.S.C. §3161(h)(7)(B)(iv), and the Sixth Amendment's speedy trial guarantee.

IT IS THEREFORE ORDERED that Defendant's Motion to Continue Jury Trial and to Extend Pretrial Deadlines [Doc. No. 20] is GRANTED. This case is STRICKEN

---

[1] Because the requested continuance can be granted without implication of the Speedy Trial Act, the Court has been somewhat lenient on the stated reasons necessitating the continuance – and, in particular, the focus on "discovery." Defendant's counsel is admonished, however, that the Court closely examines the nature of the charges when discovery serves as the basis for the continuance. Moreover, generic assertions, without supporting detail that discovery is "voluminous" are insufficient.

from the September 13, 2022 jury trial docket and continued to the October 11, 2022 jury trial docket. Additionally, the parties are permitted until September 8, 2022 to file any pretrial motions. All other deadlines shall be filed in accordance with the local rules.

IT IS SO ORDERED this 31st day of August, 2022.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE